**UNITED STATES of America**

**v.**

**Kerry David GYEKIS, Appellant.**

**No. 19547.**

United States Court of Appeals,
Third Circuit.

Argued May 6, 1971.

Decided Aug. 16, 1971.

Marjorie H. Matson, Pittsburgh, Pa., (Michael P. Malakoff, Neighborhood Legal Services, Pittsburgh, Pa., on the brief), for appellant.

Kathleen Kelly Curtin, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and KALODNER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

The appellant, a selective service registrant, has been convicted of the crime of willful refusal to submit to induction in the armed forces, 50 U.S.C. App. § 462(a), and has been sentenced to imprisonment for five years. In disposing of this appeal from that conviction we consider only the appellant's challenge to the denial of his claim to occupational deferment.

Early in 1968 the Peace Corps asked the local board to grant the registrant, then classified I–A, a class II–A occupational deferment because he had been selected by the Peace Corps to begin training on March 17, 1968 for service in a project of the Peace Corps in Guatemala. The registrant was a skilled forester who had been granted two earlier deferments to permit him to engage in his occupational specialty in the Peace Corps. The local board solicited the advice of State Headquarters about this matter. The responsive letter, while pointing out that the advice it contained was not binding, expressed the view that deferment was not warranted because the registrant had been granted two earlier deferments and was now approaching age twenty-six. The local board then granted the registrant a personal hearing and on February 1, 1968 classified him I–A. He appealed promptly and his file was transmitted to the appeal board.

While the case was pending before the appeal board, the local board received a letter from the registrant advising it that as foretold in the request for his deferment, he was now actually engaged in Peace Corps work, having begun training on March 17 for a two-year assignment to the Guatemala project.

The letter also asked permission to be absent from the country for the period of this assignment. In acknowledging receipt of this letter, the board wrote the registrant that "[n]o further action will be taken until the return of your file from the Appeal Board." However, the only subsequent "action" by the board was a formal order to report for induction, sent to the registrant on May 6, the very day that the board was notified that the appeal board had affirmed the registrant's I–A classification.

■ Unquestionably, the advice given the local board by State Headquarters, that prior deferments and the registrant's age justified denying his claim for an occupational deferment, was without warrant in the controlling statute or regulations. The stated circumstances provided no lawful basis for denying the requested deferment.

■ Normally, the fact that a denial of deferment may have been based on such erroneous official advice will invalidate a consequent induction order and preclude conviction for refusal to obey that order. Clay v. United States, 1971, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810; Sicurella v. United States, 1955, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436. But the government contends that this case is different because on February 1, 1968, when deferment was denied and the appellant was classified I–A, he was not legally eligible for occupational deferment. The government reasons that on February 1 the registrant had merely been selected by the Peace Corps for future employment to begin on March 17, while the controlling regulation makes a registrant eligible for occupational deferment on account of particular civilian activity only if he "is * * * engaged in such activity." 32 C.F.R. § 1622.23 (a) (1). In the government's view he would not become eligible for deferment until he should begin work on March 17.

■ But this justification of the February 1 action does not save the government's case. For in April, before the registrant's induction had been ordered

and while the February 1 decision was being reviewed, the registrant notified the local board that he had entered upon and was engaged in the Peace Corps work, the immediate prospect of which had been the basis of his request for deferment. The local board simply treated this supplementary submission as of no consequence and ordered the registrant's induction as soon as the appeal board, which did not have the benefit of the new information, confirmed the I–A classification.

In these circumstances, the government cannot have it both ways. If the fact that the registrant had not yet begun the work for which he had been selected was, as now claimed, the justification for denying deferment on February 1, subsequent notification before induction had been ordered that this barrier no longer existed was a fact of critical importance that made it the duty of the board to reopen the case and reconsider the claim in the light of this supplementary showing when the case was remanded to it from the appeal board. This situation is covered by a regulation which requires reopening when, before ordering induction, the local board receives from the registrant who is seeking deferment "written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification. * * *" 32 C. F.R. § 1625.2.

The board's failure to reopen prevented the appeal board from ever having an opportunity to consider the merits of the registrant's claim as perfected by the new fact of actual engagement in the Peace Corps project. It also prevented the significance of the erroneous recommendation by State Headquarters from ever coming into focus as a critical reviewable issue, even though that recommendation may well have influenced both the original decision to refuse deferment and the subsequent failure to reopen the case.

For these reasons we have concluded that the order of induction was founded upon procedure that was inadequate for the proper consideration of the case for deferment as presented by the registrant and for fully informed review of local board action. It follows that he cannot lawfully be punished for refusing to obey the induction order.

The judgment will be reversed.